Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL XI

| | | |
|---|---|---|
| EL PUEBLO DE PUERTO RICO<br><br>Recurrido<br><br><br>EN INTERÉS DEL MENOR AJDJT<br><br><br>Peticionario | TA2026CE00032 | *Certiorari*<br>Procedente del Tribunal de Primera Instancia, Sala de MAYAGÜEZ (Asunto de Menores)<br><br>Caso Núm.:<br>Q-2023-05-065-04005<br><br>Sobre:<br>Art. 133 (CP) |

Panel integrado por su presidenta la Jueza Rivera Marchand, la Jueza Mateu Meléndez, la Jueza Boria Vizcarrondo y el Juez Robles Adorno.

Mateu Meléndez, Jueza Ponente

## **RESOLUCIÓN**

En San Juan, Puerto Rico, a 21 de enero de 2026.

El 9 de enero del año en curso, la Sociedad para Asistencia Legal en representación del menor AJDJT (peticionario) sometió ante nos una *Petición de Certiorari*. Allí, recurrió de la *Resolución* dictada en el caso de epígrafe el 9 de diciembre de 2025, por el Tribunal de Primera Instancia, Sala Superior para Asuntos de Menores de Mayagüez (TPI o foro primario). Por virtud del aludido dictamen, el foro primario declaró No Ha Lugar la *Moción in Limine* sometida por el peticionario.

Posteriormente, mediante escrito sometido el 16 de enero de 2026, el peticionario presentó *Moción Solicitando Paralización de los Procedimientos en Auxilio de Jurisdicción al Honorable Tribunal.* En esta, tal cual anuncia su título, nos solicitó la paralización de los procedimientos ante el tribunal de instancia hasta tanto resolviéramos la controversia planteada.

En virtud de la decisión que hoy alcanzamos, se declara **No Ha Lugar** la paralización de los procedimientos. Además, estudiado el legajo apelativo, al amparo del derecho aplicable que a continuación exponemos, resolvemos **denegar** el auto de *certiorari* solicitado por el peticionario.

**-I-**

El 13 de marzo de 2024, el Ministerio Público presentó una *Queja* contra el peticionario por infracción al Artículo 133 del Código Penal de 2012. Allí, se le imputó lo siguiente:

> […] que allá en o para el día 1 de noviembre de 2023, en horas de la tarde, y en San Germán, Puerto Rico, que forma parte de la jurisdicción del Tribunal de Primera Instancia de Puerto Rico, Asuntos de Menores, Sala de Mayagüez, ilegal, voluntaria y maliciosamente con conocimiento y de manera temeraria, sin intentar consumar la Falta de Agresión Sexual, cometió un acto lascivo contra [J.M.V.R.], menor de 12 años de edad y con discapacidad intelectual, consistente en que tocó con sus manes las partes privadas de la perjudicada, de forma lasciva y que tiene a despertar, excitar o satisfacer la pasión o deseos sexuales del imputado, en contra de la voluntad de la perjudicada, violando de esta forma el menor imputado el Artículo 133 del Nuevo Código Penal de Puerto Rico 2012.

Tras los trámites de rigor, el 31 de julio de 2025, la Sociedad de Asistencia Legal (SAL) sometió una *Moción in Limine* en la que solicitó que se eliminara de la *Queja* el que la alegada víctima posee diagnóstico de discapacidad intelectual por no estar relacionado a la falta que se imputa. Añadió también que la información cuya remoción solicita es inflamatoria, perjudicial y una acción indebida por parte del Estado. Tras haber obtenido una extensión de término para ello, el 5 de septiembre de 2025, el Ministerio Público presentó su posición al respecto.[1] Al así hacer, señaló que en cumplimiento con la normativa vigente la queja imputó dos (2) de los incisos enumerados por el Artículo 133 del Código Penal; a saber: que la víctima era menor de edad y que esta padecía de discapacidad intelectual. A su vez, negó que la información fuera perjudicial al peticionario, puesto que el caso sería atendido y resuelto por Tribunal de Derecho.

El 9 de diciembre de 2025, notificada al día siguiente, el TPI dictó la resolución recurrida en la que negó la remoción solicitada por el peticionario. En esta, dictaminó que en la etapa en la que se encontraba el caso, tratándose una mera alegación sobre la cual no había todavía prueba

---

[1] Véase, *Moción en Cumplimiento de Orden Fijando Posición del Ministerio Público en relación a Moción in Limine.* Anejo VI del Apéndice del peticionario.

concreta, no procedía conceder el pedido del peticionario. Así, afirmó que era necesario brindarle la oportunidad al Estado de presentar la prueba que tiene y demostrar que esta cumple con los elementos que exige la falta imputada. Enunció que es una vez se conoce la evidencia que puede cumplirse con el análisis que exigen las reglas de evidencia relativas a la exclusión. De igual manera, estableció que debía primero celebrarse una audiencia al amparo de la Regla 2.10 de las Reglas de Procedimiento para Asuntos de Menores, previo a una vista evidenciaria para atender el planteamiento de exclusión del peticionario. En virtud de todo esto, declaró No Ha Lugar a la *Moción in Limine*.

Inconforme, el peticionario acudió ante nos y señaló la comisión del siguiente error:

> ERRÓ EL HONORABLE TRIBUNAL DE PRIMERA INSTANCIA AL DECLARAR SIN LUGAR LA MOCIÓN IN LIMINE PRESENTADA POR LA DEFENSA, A PESAR DE QUE LA INCLUSIÓN EN LA QUEJA-QUERELLA DE LA INFORMACIÓN RELACIONADA A LA DISCAPACIDAD INTELECTUAL DE LA QUERELLANTE ES UN FACTOR INFLAMATORIO, PERJUDICIAL E INDEBIDO CONTRA EL MENOR AJDT, Y DE ACUERDO CON LAS PARTICULARIDADES DEL CASO, NO SE JUSTIFICA SU INCLUSIÓN, POR LO QUE PROCEDE, CONFORME A LA REGLA 403 DE EVIDENCIA, SU ELIMINACIÓN.

Estudiado el expediente ante nos, conforme nos autoriza a hacer la Regla 7(B)(5) del Reglamento del Tribunal de Apelaciones[2], según enmendado, con el fin de lograr el más justo y eficiente despacho del caso prescindimos de la comparecencia del Ministerio Público y procedemos a resolver.

**-II-**

*A.*

El vehículo procesal de *certiorari* permite a un tribunal de mayor jerarquía a revisar discrecionalmente las órdenes o resoluciones interlocutorias emitidas por una corte de inferior instancia judicial. *Rivera*

---

[2] *In re Aprobación Enmdas. Regl. TA*, Resolución ER-2025-01, aprobada el 24 de abril de 2025, 215 DPR ___ (2025).

*et al. v. Arcos Dorados et al.*, 212 DPR 194, 195 (2023) al citar a *McNeil Healthcare v. Mun. Las Piedras I*, 206 DPR 391, 403 (2021) y otros. La característica distintiva del recurso de *certiorari* descansa en la discreción encomendada a este Tribunal de Apelaciones para autorizar su expedición y adjudicar sus méritos. *Íd.* De ordinario, la discreción consiste en "una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera". *BPPR v. SLG Gómez-López*, 213 DPR 314 (2023) y casos allí citados. Empero, el ejercicio de la discreción concedida "no implica la potestad de actuar arbitrariamente, en una u otra forma, haciendo abstracción del resto del derecho." *Íd.*

De otro lado, el examen de estos autos discrecionales no se da en el vacío o en ausencia de otros parámetros. *800 Ponce de León v. AIG*, 205 DPR 163 (2020). Para ello, la Regla 40 de nuestro Reglamento establece ciertos indicadores a tomar en consideración al evaluar si se debe o no expedir un recurso de *certiorari*.[3] Estos criterios, pautan el ejercicio sabio y prudente de la facultad discrecional judicial. *Mun. de Caguas v. JRO Construction*, 201 DPR 703, 712 (2019).

B.

La Regla 403 de Evidencia[4], trata lo concerniente a evidencia pertinente excluida por perjuicio, confusión o pérdida de tiempo. La misma, lee como a continuación se transcribe:

> Evidencia pertinente puede ser excluida cuando su valor probatorio queda sustancialmente superado por cualesquiera de estos factores:
>
> (a) riesgo de causar perjuicio indebido

---

[3] Así pues, según la citada regla, estos indicadores son: si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho; si la situación de hechos planteada es la más indicada para el análisis del problema; si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia; si el asunto planteado exige una consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados; si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración; si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio; o si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia. 4 LPRA Ap. XXII-B, R. 40.

[4] 32 LPRA Ap. VI R. 403.

(b) riesgo de causar confusión

(c) riesgo de causar desorientación del Jurado

(d) dilación indebida de los procedimientos

(e) innecesaria presentación de prueba acumulativa.

La transcrita regla, según ha destacado nuestro Tribunal Supremo, debe ser utilizada con prudencia y cuidado por los tribunales. Ello, pues la Regla 402 de las Reglas de Evidencia[5], establece el principio fundamental de que toda prueba pertinente es admisible, salvo que aplique una regla de exclusión. *Pueblo v. Serrano Morales*, 201 DPR 454, 465-466 (2018). El análisis que debe tenerse como eje central es que el juzgador determine, a su juicio y criterio, si la admisibilidad de esa prueba puede llegar a ser perjudicial para el Jurado. Entiéndase, si el perjuicio que puede causar en el jurado es mayor que el valor probatorio de la prueba que se pretende utilizar. *Id.* .

**-III-**

Como arriba mencionamos, el peticionario acudió ante nos a los fines de que revoquemos la determinación interlocutoria dictada por el TPI mediante la cual dicho foro se negó a remover de la queja sometida en su contra cierta información. A tales efectos, establece que a su entender se le imputa la violación del inciso (a) del Artículo 133 del Código Penal por alegadamente cometer los actos contra una menor de edad. Basándose en ello, señala que la mención de la discapacidad intelectual de la alegada víctima es inflamatoria. En favor de su argumento, plantea que él también padece de discapacidad intelectual, problemas emocionales e indicadores socio emocionales; más no se incluye tal información en la querella, lo que le parece indebido.

Un análisis objetivo, sereno y cuidadoso del legajo apelativo frente a tales argumentos, a la luz de los criterios esbozados en la Regla 40 de nuestro Reglamento del Tribunal de Apelaciones, *supra,* nos mueve a abstenernos de ejercer nuestra función revisora discrecional y rechazar

---

[5] 32 LPRA Ap. VI R. 402.

intervenir con la determinación emitida por el TPI. Un estudio sosegado del análisis efectuado por el foro primario sobre la petición sometida, la disposición legal bajo la que se sometió la queja[6] y la etapa en la que el caso se encuentra, no arroja a nuestro juicio error alguno que amerite nuestra intervención. Tampoco que haya mediado prejuicio o parcialidad de su parte. Por ello, nos resulta forzoso concluir que no procede expedir el auto de *certiorari* solicitado y así nos negamos a hacer.

**-IV-**

Por los fundamentos arriba expuestos, declaramos **No Ha Lugar** la solicitud de paralización de los procedimientos presentada por el peticionario y **denegamos** expedir el auto de *certiorari*.

**Notifíquese inmediatamente.**

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

---

[6] Nótese que el Artículo 133 del Código Penal, *supra,* que tipifica la conducta de actos lascivos dispone que:

Toda persona que, a propósito, con conocimiento o temerariamente, sin intentar consumar el delito de agresión sexual descrito en el Artículo 130, someta a otra persona a un acto que tienda a despertar, excitar o satisfacer la pasión o deseos sexuales del imputado, en cualquiera de las circunstancias que se exponen a continuación, será sancionada con pena de reclusión por un término fijo de ocho (8) años, más la pena de restitución, salvo que la víctima renuncie a ello:

(a) Si la víctima al momento del hecho es menor de dieciséis (16) años de edad.
(b) […]
(c) Si la víctima, por enfermedad o defecto mental temporero o permanente, estaba incapacitada para comprender la naturaleza del acto.
[…]